# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANGEL LUIS MONTANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV456 CEJ |
| | ) | |
| UNKNOWN BELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Angel Luis Montano, an inmate at the Phelps County Jail, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $13.67. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $68.33, and an average monthly balance of $12.98. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.67, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Specifically, plaintiff asserts that defendant Bell, an officer at the Phelps County Jail, asked another inmate to serve plaintiff peas with his hands. In the grievances attached to plaintiff's complaint, which the Court construes as part of the complaint pursuant to Fed.R.Civ.P. 10(c), plaintiff admits that the inmate had on plastic gloves at the time he served him the peas. Plaintiff does not allege that the peas were in any way contaminated, nor does he assert that he was injured or required medical care as a result of ingesting the peas. In fact, he admits that he did not eat the peas because "of the manner in which the peas were placed on [his] tray."

## Discussion

The complaint is silent as to whether defendant Bell is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official - in this case, Phelps County. To state a claim against defendant Bell in his official capacity, plaintiff must allege that a policy or custom of Phelps County is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a Phelps County was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Even if the plaintiff had brought this action against defendant Bell in his individual capacity, plaintiff's claim would still be subject to dismissal. Plaintiff's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment, which prohibits cruel and unusual punishment. See Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir.1994). In Whitnack, the Eighth Circuit ruled that

detainee condition of confinement claims are governed by the deliberate indifference standard set forth in Wilson v. Seiter, 501 U.S. 294, 297 (1991). In order to succeed on an Eighth Amendment claim, a prison inmate must show that he was subjected to the "unnecessary and wanton infliction of pain." Wilson, 501 U.S. at 297.

Punishment is cruel and unusual if it deprives inmates of the minimal civilized measure of life's necessities. Whitnack, 16 F.3d at 957. While the Constitution does not mandate comfortable prisons, inmates are entitled to reasonably adequate sanitation, personal hygiene and laundry privileges, particularly over a lengthy period of time. Id. "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Id. quoting Wilson, 501 U.S. at 304; Tokar v. Armontrout, 97 F.3d 1078 (8th Cir. 1996). Further, to violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297. To be sufficiently culpable, the officer must have acted, subjectively, with deliberate indifference to inmate health or safety. See Wilson, 501 U.S. at 302-03; Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Although prisoners have a constitutional right to nutritionally adequate and uncontaminated food, prison officials have wide latitude in fulfilling this obligation. See Bell v. Wolfish, 441 U.S. 520, 540-41 n.23 (1979). To sustain a claim that prison food

violates the Eighth Amendment, a prisoner must establish that the food served was either nutritionally inadequate or prepared in a manner which presented an immediate danger to his health, or that his health suffered as a result of eating the food. See, e.g., Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992). Plaintiff cannot sustain this burden.

First, plaintiff has made no claim that he was provided with nutritionally inadequate or contaminated food. Second, plaintiff has not argued that his health has suffered. Plaintiff's only allegation is that the very act of having an inmate place peas on his tray with plastic-gloved hands violated the Constitution. He is simply incorrect.

Moreover, cases in which federal courts have sustained prisoners' claims that prison food violates the Eighth Amendment all present fact patterns which are qualitatively different from those claimed by plaintiff. For example, in Robles v. Coughlin, 725 F.2d 12 (2d Cir. 1983), the Second Circuit reversed a district court's *sua sponte* dismissal of a complaint which alleged that food intentionally contaminated with dust, rocks, glass, and human waste, violated the Eighth Amendment. Id. at 16. Similarly, in Griffin v. Smith, 493 F. Supp. 129 (W.D.N.Y. 1980), the district court sustained the prisoners' claims that food served on food trays with cigarette burns and human hair, and with unclean utensils, violated the Eighth Amendment. Id. at 131. In

addition, in <u>Murphy v. Wheaton</u>, 381 F. Supp. 1252 (N.D. Ill. 1974), the district court denied defendants' motion to dismiss a complaint with respect to the claims that "spoiled, rotted and foul food" served in an uncleaned wagon used to dispose of garbage violated the Eighth Amendment. <u>Id</u>. at 1261; <u>but see</u>, <u>e.g.</u>, <u>Wishon</u>, 978 F.2d at 449 (food which contained foreign objects does not violate Eighth Amendment).

Based on the aforementioned, plaintiff's complaint fails to state a claim upon which relief can be granted and/or is legally frivolous and cannot survive initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $13.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of May, 2008.

                                                                         _____
                                                                         CAROL E. JACKSON
                                                                         UNITED STATES DISTRICT JUDGE